The opinion of the Court was delivered by
Todd, J.
This case presents a contest over an application for the appointment of an administrator to the succession of J. L. Sarrazin, under the following state of facts:
J. L, Sarrazin died on the Ilth of January, 1879, intestate, leaving a widow and eleven children, four of whom are minors.
An inventory was taken in June, 1880, and the widow qualified as tutrix of the minor heirs.
On the 31st of July following, suit was instituted by the major heirs against the tutrix for a partition of the estate, and on January 18thy 1881, a judgment ordering the partition was rendered.
On the22d of December, previous to the rendition of this judgment, Henry de Villeneuve applied to be appointed administrator of the *1169 succession, basing bis application on the fact alleged, that Ms wife was a creditor of the succession, charging that Sarrazin was indebted to her, on account of his administration of the succession of her mother, Marie Finance, the first wife of said Sarrazin.
To this application the heirs of Sarrazin filed an opposition on the 19th January, 1881, on the following grounds :
1. It was denied that the wife of the said applicant was a creditor of the succession, or that there were any debts owing by it.
2. It was averred that there was no necessity for an administration.
3. That the heirs of Sarrazin had accepted the succession and were in possession.
4. That a partition suit was pending, and had matured to j udgment.
5. That de Villeneuve had no right to the administration.
6. That if the court appointed an administrator, one of the major heirs should be appointed, and Jules Sarrazin, one of these heirs, was designated for the appointment.
There was judgment dismissing the application of de Villeneuve, and appointing Jules Sarrazin administrator, upon his complying with the requisites of the law.
From this judgment, so far as it decreed an administration of the estate, the heirs and opponents appealed. *
1st. The first question presented is, whether the wife of de Villeneuve, the applicant for the administration, is a creditor of the succession.
The record shows:
That Marie Madeleine Finance, the first wife of Sarrazin, died in 1849. Previous to her marriage with Sarrazin, she was the wife of Edmond Krebbs, of which firstmarriage was born Nathalie Krebbs, now the wife of de Villeneuve, the applicant for administration. Sarrazin was appointed administrator of the succession of his deceased wife, and filed his account, showing that there was due to each of her children, $482.34.
The tutor of Nathalie Krebbs, who was then a minor, gave a receipt for the sum named to Sarrazin, administrator, stating, in the body of the receipt, that this amount was coming to her from the succession of her mother, Marie Finance. The date of this receipt is the 26th of June, 1850. Nathalie Krebbs was born on the 6th of January, 1840, and consequently, attained her majority on the 6th of January, 1861.
The x>rescription of 2, 3, 4, 5, 10, 20 and 30 years, is pleaded by the heirs against the claim now preferred against the succession.
The contention is, -that this account of administration, by Sarrazin, was incorrect. That the entire sum accounted for was received by *1170 Sarrazin from his wife, and was her separate fund, and that there was an error in the distribution of the same. That the whole of it was owing to Mrs. de Yilleneuve, as the sole legitimate child of her mother. That the other children, with whom the money, was shared, were the fruit of an illicit connection between the said Sarrazin and Marie Finance, who had abandoned her husband, Edmond Krebbs, the father of Mrs. de Villeneuve.
It is further contended, that Mrs. de Yilleneuve did not become acquainted with her rights to the succession, and the wrongful distribution of her mother’s estate, till a short time previous to the institution of the proceedings in this case ; and it is argued, from this fact, that prescription was suspended until the discovery of the real facts was made.
We hold that, whilst it is not essential that a party claiming an administration, by right of being a creditor, should make full proof of his claim, that is, as complete proof of it as if he were suing the succession for the debt, still, a court, before encumbering a succession with an administration, with its attendant costs and delays, should, atleast, require a prima facie case of indebtedness to be made out.
In the instant case, if this debt was ever owing by J. L. Sarrazin to Mrs. de Villeneuve, conceding that a husband is entitled to be appointed administrator of a succession on account of a debt due by such succession to his wife, still we find that more than thirty years has elapsed between the date of this application and the date that this debt became demandable. And we find, also, a receiptin the record from the tutor, and at the time legal representative of Mrs. de Villeneuve, acknowledging the payment by Sarrazin of all that he was owing her on account of his administration of the estate of her mother, on which account the present claim is preferred. Against this claim we find, also, that prescription has been pleaded, as stated.
While we do not decide that the succession of Sarrazin is not indebted to Mrs. Yilleneuve, and do not determine whether or not the plea, of prescription should prevail against the claim, preferring that these issues should be settled in another form of controversy and under different pleadings, yet we conclude, under all the circumstances of the case, that the applicant is not entitled to demand an administration of this succession.
2d. Among the circumstances which have induced the conclusion stated, besides the character of the proof administered in support of the claim, is the fact that the heirs of age have accepted the succession purely and simply, have sued for the partition of it, and the entire estate is in possession of the major and minor heirs. That the minor heirs are represented by their tutrix, and no obstacle whatever exists *1171 to tlie recovery of this claim of Mrs. de Villene.uve in a suit against tlie' heirs of age and the tutrix of the minor heirs. They, together, represent the deceased, and can stand in judgment, as has been frequently decided. See case of Soye vs. Price, 30 An. 93, and authorities there cited.
We find no sufficient reason why this succession should he placed under administration.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and that the opposition of the opponents be sustained, and tbe demand for an administration of tlie succession of J. L. Sarrazin, be rejected, at the costs of the applicant, Henry de Villeneuve, in both Courts.